**[J-68-2017][M.O. - Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| HELEN JONES, | : | No. 12 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellant | : | Court entered 9/27/16 at No. 930 WDA |
| | : | 2015, affirming the order of the Court of |
| | : | Common Pleas of Cambria County |
| | : | entered 5/27/15 at No. 2010-2490 |
| v. | : | |
| | : | |
| RON OTT AND/OR EASTERN | : | |
| ELEVATOR SERVICE AND SALES | : | |
| COMPANY, | : | |
| | : | |
| Appellees | : | ARGUED:  October 17, 2017 |

**_CONCURRING OPINION_**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  AUGUST 21, 2018**

I join the majority's alternate rationale, namely, that Appellant's counsel affirmatively waived any objections to the jury instructions issued by the trial court, when he replied as follows to the court's inquiry: "I have no issues with the charge, Your Honor," N.T., Apr. 29, 2015, at 25.  *See* Majority Opinion, Part II(b).  From my point of view, the court was then justified in proceeding on the basis that no further issues would be raised relative to the jury instructions.  *Accord Bodine v. Boyd*, 383 Pa. 525, 119 A.2d 274, 276-77 (1956) (determining, via adoption of a trial court's opinion, that counsel's reply of "I have nothing, sir" to a similar post-charge inquiry by a trial court constituted an "actual affirmative waiver" of any objection).

I find the present law to be less clear concerning whether submission of proposed points for charge, in a civil case, suffices to preserve subsequent challenges to a jury charge. Accordingly, and while I ultimately agree with the majority's policy-based rationale that something more should be required, I would interpose further requirements on a prospective basis only.